UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Erick D. Williams, #16656-016, | ) C/A No. 6:12-26-TLW-KFM |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Warden John Owens, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the court *pro se* by a federal prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## FACTUAL BACKGROUND

Petitioner is serving a life sentence ("5 years to life" with parole eligibility after serving a mandatory minimum ten years) on a 2001 conviction for voluntary manslaughter while armed. The manslaughter conviction and additional convictions for firearm possession were entered on a jury verdict in the Superior Court of the District of Columbia. He is currently incarcerated at FCI-Williamsburg, in Salters, South Carolina. In the Petition submitted in this case, Petitioner asserts that his sentence is being improperly executed by the Federal Bureau of Prisons (BOP) allegedly because he has not been awarded "good time credits" toward his sentence based on the BOP's application of the District of Columbia Omnibus Adult Act [the Omnibus Act] to the sentence. *See* D. C. Code Ann. § 24-221.06 (convictions

for violent crimes involving use of firearm do not earn good-time credits; ten-year mandatory minimum sentence).

In making his argument that the Omnibus Act should not be applied to his sentence by the BOP, Petitioner broadly asserts that the Omnibus Act is unconstitutional. He also raises several other alleged problems with his sentences. Petitioner claims that the sentences he received on the multiple counts of conviction should have run concurrently, instead of consecutively; that the sentences violate the double jeopardy clause; that the sentencing judge improperly delegated control of his life sentence to the United States Parole Commission; that the jury that convicted him was improperly constituted; and that a "false detainer" has been lodged against him. He also claims that the BOP unconstitutionally acted as a "collection agent" when it "extorted" a court assessment fine from Petitioner. (ECF No. 1, Pet. 8-9). He asks this court to order his immediate release and/or award him the contested good time credits. *Id*.

In both his Petition and Answers to the Court's Special Interrogatories (ECF No. 11), Petitioner acknowledges that he only began the BOP administrative remedy process to raise his sentencing calculation claims and those about the manner of execution of his sentence insofar as parole is concerned *after* he filed the § 2241 Petition in this case in early January. (ECF No. 11, Petitioner's Answers to the Court's Special Interrogatories, ex. 1) (request is dated "1-5-2012" and counselor's response to "informal resolution attempt" is dated "2/3/12."). He also acknowledges that his current challenges to his sentences were never raised with the District of Columbia courts by way of appeal nor post-conviction collateral attack. *Id.* Petitioner claims that any attempt he might have made to exhaust his sentencing-credit claim through the BOP would be futile in light of the Omnibus Act's applicability to his type of conviction and the fact that it is currently considered a valid law;

2

however, the copy of his BOP informal resolution form attached to his Answers to the Court's Special Interrogatories contains no clear reference to the Omnibus Act by either Petitioner or by the counselor who responded to the request for informal resolution. There is no claim made that the Ominbus Act is unconstitutional as applied in Petitioner's sentencing situation. *Id.* In his Petition, he claims that "administrative remedies are a 'FUTILE' process to raise a Constitutional or Statutory claim . . . ," (ECF No. 1, Pet. 9) but he does not provide the court with any kind of factual support for his claim.

Shortly after Petitioner submitted his Answers to the Court's Special Interrogatories, he filed a Motion for Temporary Restraining Order asking this court to order the BOP not to transfer him to another prison while this case is pending. (ECF No. 12). This Report also contains a recommendation for the assigned district judge regarding that merits of that Motion.

## **PRO SE REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading

to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **ANALYSIS**

### **§ 2241 Petition for Writ of Habeas Corpus**

As previously stated, Petitioner was convicted of several crimes and sentenced for them in the Superior Court of the District of Columbia. While incarcerated in federal prisons, such convicts are commonly known as "D.C. Code prisoners" as distinguished from other federal prisoners who were convicted of federal crimes in federal court. D.C. Code prisoners may seek collateral review of their sentences pursuant to D.C. Code § 23–110, which is comparable to the review of federal sentences authorized by 28 U.S.C. § 2255. *See Swain v. Pressley*, 430 U.S. 372, 375–78 (1977); *Alston v. United States*, 590 A.2d 511, 513 (D.C.1991). Under § 23–110(g), federal courts are without jurisdiction to entertain collateral challenges to a sentence imposed by the District of Columbia Superior Court unless the prisoner can show that the remedy under § 23–110 is "inadequate or ineffective to test the legality of the detention." D.C. Code § 23–110(g); *accord Swain*, 430 U.S. at 377–78, 378 n.10; *Blair–Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir.1998) (stating that this provision is a "safety-valve"). As with § 2255 in regard to federal sentences, § 23–110(g) does not bar federal court review of a 28 U.S.C. § 2241 petition challenging the length, as opposed to the legality, or, in other words, the manner of execution of the D.C. Code prisoner's sentence. *Blair–Bey*, 151 F.3d at 1043; *Alston*, 590 A.2d at 514. Petitioner makes no argument that the D.C. collateral attack process is "inadequate or ineffective" because he asserts that his claims go to the manner of execution of his sentences, not to their underlying validity.

Before submitting his Petition under 28 U.S.C. § 2241 in this case, however, Petitioner, like any other prisoner housed in a federal prison, was required to exhaust his administrative remedies within the BOP with regard to his sentence calculation claim. *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); *see* 28 C.F.R. §§ 542.10 -542.16. It is well settled that the BOP, not the Federal District Court, is the federal agency in charge of computing sentences for federal prisoners once they have been given a sentence by the court. *See United States v. Wilson*, 503 U.S. 329, 333-34 (1992). Federal regulations give prisoners the right to contest their sentence computations, *see* 28 C.F.R. §§ 542.10-542.16, but they may do so in court *only* after they have exhausted their administrative remedies within the BOP. *See McLean v. Mitchell*, No. 4:10-cv-2671-RMG-TER, 2010 WL 5070794, at *1 (D.S.C. Dec. 7, 2010).

The BOP has established an administrative procedure whereby a federal inmate may seek review of complaints relating to some aspects of his or her confinement. *See* C.F.R. § 542.10, *et seq*. It appears that Petitioner began the process by submitting a form attempting "informal resolution" of his sentencing claim; however, it is not clear whether or not Petitioner proceeded with the process after he received an unsatisfactory response to his initial administrative filing. There is nothing in the record indicating that the administrative process was pursued even through the required appeal to the Warden. Even if the appeal to the Warden was filed, Petitioner would still have two more levels of administrative review by which his sentence calculation claim could be resolved through presentment of the claim to the Regional Director of BOP and, finally, an appeal to the Office of General Counsel. 28 C.F.R. § 542.15.

Petitioner's unsupported assertion that he did not exhaust his administrative remedies because he believed his claim required determinations of constitutional and/or statutory law does not excuse the acknowledged lack of exhaustion in this case. As stated previously, the BOP administrative review process has several levels of review, but Petitioner acknowledges that he has only engaged in the first level of the process: "informal resolution," and that he did not even begin that process until approximately the same time that he submitted his Petition to this court and thereby filed this case. In any event, it does not appear that Petitioner even raised a claim in his BOP filing that the Omnibus Act was being unconstitutionally applied to his sentence, and he has not provided any factual evidence showing that BOP will not consider such claims. Without first presenting his sentence calculation claims to the Warden, the Regional Director, and the General Counsel, Petitioner attempts to short-cut the required process, and this cannot be allowed under the circumstances presented here.

Although he claims futility, Petitioner presents the court with no supporting facts such as a listing of previous, similar cases to his in which the BOP routinely denied the claimants' arguments based on an inflexible policy of not considering constitutional or statutory challenges to sentence calculations. His claim of futility is simply not supported by his allegations or by the factual circumstances presented through his pleadings. In short, there is nothing in the record from which the undersigned could make a legal determination on Petitioner's futility argument. Because Petitioner has not shown that he exhausted his administrative remedies or that it would be futile to do so, this matter should be dismissed pursuant to 28 U.S.C. 1915(d). *See Timms v. Johns,* 627 F.3d 525, 532-33 (4th Cir. 2010)(in absence of "exceptional circumstances" federal court should exercise restraint in § 2241 cases and require exhaustion of available remedies). *But cf. Murdock v. Gutierrez*, 631 F.

Supp. 2d 758, 762-63 (N.D.W. Va. 2007)(futility of exhaustion in light of evidence of inflexible policy of rejecting arguments).

**Motion for Temporary Restraining Order**

Finally, given the recommendation for summary dismissal contained in this report and the necessity for exhaustion of administrative remedies discussed herein, Petitioner cannot show that his will be subjected to irreparable injury if transferred to a different prison. Also, in light of the recommendation for summary dismissal without prejudice, Petitioner cannot show a likelihood of success on the merits of his Petition. *See Alberti v. Cruise*, 383 F.2d 268, 271-72 (4th Cir. 1967); Fed. R .Civ. P. 65(d); *see generally* 7 *Moore's Federal Practice* § 65.04(1); 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2948. The pending Motion for Temporary Restraining Order (ECF No. 12) should be denied.

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

It is further recommended that the Motion for Temporary Restraining Order (ECF No. 12) be denied.

Petitioner's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

April 11, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Rm. 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).